**Fernando GORDON, Petitioner–Appellant,**

v.

**Dominic J. MANTELLO, Superintendent of Coxsackie Correctional Facility, Respondent–Appellee.**

No. 03–2628.

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

---

1. The parties are in agreement that Pennsyl-vania law governs the fraud claim.

Julia Pamela Heit, New York, NY, for Appellant.

Shulamit Rosenblum, Assistant District Attorney (Leonard Joblove, Assistant District Attorney of Counsel, on the brief) for Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY, for Defendant–Appellee, of counsel.

PRESENT: STRAUB, RAGGI, Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

Petitioner–Appellant Fernando Gordon appeals from a judgment of the District Court for the Eastern District of New York, entered on August 4, 2003, denying his petition for a writ of habeas corpus.

In support of his petition, Gordon claimed, *inter alia*, that statements he made to the police while in the hospital on the night of his arrest were involuntary

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

and that the trial court's failure to suppress them violated his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues on appeal.[1]

We review *de novo* a district court judgment denying habeas relief, *see, e.g., Sanchez v. Duncan,* 282 F.3d 78, 81 (2d Cir. 2002), and we overturn a state court determination on the merits only if the state court reached "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law ... [or] a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The requirement that suspects be given certain prophylactic warnings before their statements may be introduced at trial applies only to statements made during custodial interrogation. *See Miranda,* 384 U.S. at 482, 86 S.Ct. 1602. The test of whether a suspect is in custody is an "objective one," *United States v. Kirsh,* 54 F.3d 1062, 1067 (2d Cir.1995), and "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation," *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Furthermore, even if a suspect is in custody, the police are required to administer *Miranda* warnings only when the police engage in interrogation or its "functional equivalent," *i.e.,* "ex-press questioning, [as well as] ... any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (footnote omitted). Here, Gordon cannot show that the state court reached an unreasonable application of clearly established federal law in determining that none of his challenged statements warranted suppression.

■ As to those of Gordon's initial in-hospital statements to Detective Slater that are here challenged, Gordon argues that he was in custody when he made the statements because he was handcuffed to his bed and he was guarded by police officers who were instructed not to let him leave. Preliminarily, we observe that, because these initial statements were not introduced into evidence at Gordon's trial, any error in the trial court's judgment that the statements were not custodial was necessarily harmless. In fact, we conclude that there was no error. The state court credited the testimony of the police that Gordon was not handcuffed to the bed at the time, and that the presence of the police was not objectively coercive since Gordon had complained he was the victim of a crime. Such "determination[s] of ... factual issue[s] ... shall be presumed to be correct." 28 U.S.C. § 2254(d). The fact that the police officers were told by their superior not to let Gordon leave is irrelevant because none of the officers ever informed Gordon that he could not leave.

**1.** The District Court granted a certificate of appealability only with respect to whether Gordon's "pre-arrest statements" should have been suppressed because they were involuntary and made without the provision of *Miranda* warnings, and this Court subsequently denied Gordon's motion to broaden the appeal to include issues not having to do with his statements. While it is unclear, however, which of Gordon's statements the District Court considered to be "pre-arrest," on this appeal the parties fully briefed the issue of the voluntariness of all of Gordon's in-hospital statements including those statements that they refer to as "post-arrest." Accordingly, we will consider the issue of voluntariness as to all of the statements challenged by Gordon on this appeal.

*See Tankleff v. Senkowski,* 135 F.3d 235, 244 (2d Cir.1998). Thus, it was not unreasonable for the state court to determine that a reasonable individual would have believed he could leave the room and that Gordon was not, therefore, in custody. Moreover, the fact that Gordon may have been in pain from a wound to his hand does not change the fact that he was not in custody, nor is that fact alone sufficient to support a finding that his statements were involuntary. *See United States v. Khalil,* 214 F.3d 111, 121–22 (2d Cir.2000).

 As to Gordon's later statements to Detective Rodriguez following the point at which it is conceded he was handcuffed to the bed, the state court credited the testimony of the police officers that they did not ask Gordon any questions during this time and, in fact, repeatedly instructed him to be quiet throughout the approximately ninety-minute period during which he made these statements. The mere fact of police presence in his hospital room is not the "functional equivalent" of express questioning. *See Arizona v. Mauro,* 481 U.S. 520, 528, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). Moreover, the fact that Gordon may have been in pain and on medication does not mean that his statements were not voluntary beyond a reasonable doubt, *see Wolfrath v. Lavallee,* 576 F.2d 965, 971–72 (2nd Cir.1978), especially when the state court found as a matter of fact that Gordon was "not delirious" and "was awake and in possession of his faculties." *see Miller v. Fenton,* 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Thus, the state court's decision not to suppress these statements was a reasonable application of clearly established federal law.

Accordingly, the judgment of the District Court is AFFIRMED.